Jose Alfredo **RODRIGUEZ HEREDIA,** Petitioner,

v.

John **ASHCROFT,** Attorney General, Respondent.

No. 03–72605, A23–051–172.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 20, 2004.

Jose Alfredo Rodriguez Heredia, San Fernando, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

### MEMORANDUM[**]

Jose Alfredo Rodriguez Heredia, a native and citizen of Mexico, petitions pro se for review of the decision of the Board of Immigration Appeals ("BIA") summarily affirming an immigration judge's ("IJ") denial of his application for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review de novo both legal determinations regarding an alien's eligibility for cancellation of removal, *Montero–Martinez v. Ashcroft,* 277 F.3d 1137, 1145 (9th Cir.2002), and constitutional claims, *Torres–Aguilar v. INS,* 246 F.3d 1267, 1271 (9th Cir.2001). We deny the petition for review.

Contrary to Rodriguez Heredia's contention, the IJ properly denied his application for cancellation of removal because he did not have a qualifying relative for whom his removal would cause exceptional and extremely unusual hardship. *See* 8 U.S.C. § 1229b(b)(1)D; *Montero–Martinez,* 277 F.3d at 1145.

Rodriguez Heredia's contention that the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 is unconstitutional because it holds some petitioners to a higher standard than others who fall under the purview of the Nicaraguan Adjustment and Central American Relief Act is foreclosed by our decision in *Jimenez–Angeles v. Ashcroft,* 291 F.3d 594, 602–03 (9th Cir.2002) ("Congress's decision to afford more favorable treatment to certain aliens 'stems from a rational diplomatic decision to encourage such aliens to remain in the United States'") (citation omitted).

Rodriguez Heredia's challenge to the BIA's streamlined decision is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 851 (9th Cir.2003).

We deny as untimely Rodriguez Heredia's motion for reconsideration of this Court's order denying his motion for stay of removal. *See* 9th Cir. R. 27–10.

**PETITION FOR REVIEW DENIED.**

---

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

